In The United States District Court
For the Northern District of Illinois

GARY HANCOCK

v.

UNITED STATES; K. Miller;
T. KINNICK; HSA TAYLOR;
DOCTOR MORGAN; FATEH HYDER;
L. Starr,          Defendants

22 cv 50103
Judge Iain D. Johnston
Magistrate Judge Lisa A. Jensen

**RECEIVED**

APR 11 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Complaint With Jury Request

Comes now the plaintiff, Pro Se, filing this civil action under the Federal Tort Claims Act (FTCA) and under <u>Bivens</u>, 403 U.S. 388, alleging medical negligence, malpractice, and deliberate indifference to the plaintiff's Constitutional right to adequate medical care; also alleging an unconstitutional delay in providing medical treatment.

## Jurisdiction

1.) This Court has jurisdiction over the plaintiff's claims of violation of federal Constitutional rights

2

Under 28 U.S.C. §1331; and the FTCA, and other applicable statutes

## Parties

2.) The Plaintiff, Gary Warren Hancock Jr., was incarcerated at the Federal Bureau of Prisons (FBOP) United States Penitentiary in Thomson, Illinois during the events described in this complaint.

3.) The United States of America is the appropriate defendant for all claims bought under the FTCA.

4.) Defendant K. Miller is a nurse at the FBOP USP in Thomson, Illinois 61285. She is sued in her individual capacity.

5.) Defendant T. Kinnick was a "PA", which I believe is a nurse practitioner, in the Medical department at the FBOP USP in Thomson, Illinois 61285, at the time of the incidents described in this complaint. he is sued in his individual capacity.

5a) Defendant L. Starr is a nurse at USP Thomson, she is sued in her individual capacity.

3

6.) Defendant HSA Taylor is the Health Services Administrator at the FBOP U.S.P. in Thomson, Illinois 61285. She is sued in her individual capacity.

7.) Defendant Doctor Morgan is a doctor employed by the FBOP North Central Regional Office, 400 State Ave, Tower II, Suite 800, Kansas City, KS 66101-2492. He is sued in his individual capacity.

8.) Defendant Fateh Hyder is a doctor employed by the FBOP North Central Regional Office, 400 State Ave, Tower II, Suite 800, Kansas City, KS 66101-2492. He or She is sued in his or her individual capacity.

## Exhaustion of Administrative Remedies

9) The plaintiff has fully exhausted all administrative remedies, as required by the PLRA, prior to filing this civil action. For the claims under the FTCA the plaintiff

4

Filed Administrative Claim # TRT-NCR-2021-05233, which was denied on 12/9/2021.

For the Constitutional Claims, Plaintiff filed two separate administrative remedies which both recently had a Final decision Made at the highest level of appeal. These are Remedy # 1085341-A1, and #1064215.

## Facts

10.) The plaintiff arrived at U.S.P. Thomson on 8/18/2020. At intake screening by Health Services I told the nurse that I was experiencing extreme abdominal pain that radiated to my back. The nurse Failed to note this pain and told Me to Follow up at Sick-Call.

11.) After intake processing I was Moved to A-Unit For quarantine. During the plaintiff's time in quarantine, he submitted Several written requests stating that he was in pain (abdominal and back). None of these written Sick-Call requests were documented; they were all ignored.

5

This constituted medical negligence.

12. On 9/8/2020 the plaintiff submitted the First of many emails to the Health Services Department at USP Thomson Complaining of "Severe pain in my right abdomen/intestine for over two years". (See EXHIBIT 1, Emails to Medical Staff). (Ex 1, Page 1)

13. Prior to arriving to USP Thomson, the plaintiff was housed at USP Lee, Virginia. At USP Lee the plaintiff had abnormal lab results ~~indicating~~ dated 5/13/2020 indicating "Suggestive of Celiac disease or other gluten-sensitive enteropathies."
Please note that plaintiff was never notified of the abnormal lab results while at USP Lee; he was transferred to USP Thomson without knowing about the abnormal lab results. See EXHIBIT 1, Relevant Medical Records, page 1).

14. Plaintiff was not seen by Medical Staff at USP Thomson until 10/6/2020 for this complaint of pain. This in itself constituted an

6

unconstitutional delay in Medical treatment. At the medical encounter on 10/6/20 the plaintiff explained to defendant Kinnick that, at that time, his pain was only a 6 on a scale of 1-10 and that it often reached level 10; that Over the Counter (OTC) medication was no longer effective in treating the condition; that he needed to see a specialist for this long-standing issue, and Kinnick refused to refer plaintiff to a specialist; And importantly, Kinnick overlooked the abnormal lab results indicating gluten sensitivity, and ordered the plaintiff to continue treating his condition with OTC Medication.

15. Kinnick, on 10/6/20 stated in record that "I will order a UA for due diligence." Plaintiff was complaining of bowel problems and Kinnick ordered a Urinalysis. This was Medical negligence and Malpractice. Defendant Hyder is required to review the reports from lower-level Medical staff at USP Thomson and "co-sign"

them, Doctor HYDer Commited Malpractice/ negligence by endorsing misguided Medical reports from lower-level Medical staff. (See EXHIBIT 1, All Medical records bearing Hyder's name at end of report).

Kinnick, ~~overlooked~~ overlooking the already present abnormal lab results, should have ordered the "Bowel Disorder Cascade" that detected the source of plaintiff's ~~⬛⬛⬛~~ pain.

16. Kinnick also refused to prescribe pain Medication For the plaintiff.

17. After an email to medical staff ~~⬛~~ dated 11/15/2020 Complaining of denial of Medical Care, the plaintiff was Seen by defendant Miller on 11/17/2020 (See Exhibit 2, page 5-6). Plaintiff explained to miller, Calmly, that he had been suffering this pain for over 2 years and that he had already spent hundreds on OTC Medication, ~~⬛⬛⬛~~ and that OTC Meds did not help with his Condition. Miller told plaintiff that it did

8

not matter that plaintiff had purchased OTC's at USP Lee, but that he had to purchase OTC's at USP Thomson before she could help the plaintiff, as if the plaintiff's statements to her, saying OTC's were innefective, were not good enough to reccommend a different course of treatment. This fell below the "standard of care" that medical personell generally owe to patients, and constituted the tort of negligence and deliberate indifference to the plaintiff's serious medical needs.

18. At the encounter with Miller on 11/17/20, Miller misrepresented what occured in her medical report making it seem that the plaintiff became beligerant after she gave the plaintiff good medical advice. The plaintiff admittedly became upset, but for good reason. (See Exhibit 1, page 3, email to Health Services complaining of encounter).

19. At a medical encounter with Nurse Starr on 12/14/2020 (Ex. 1, pg. 7-8) extreme

9

pain was noted but ~~the~~ Starr refused to order pain meds For the plaintiff, and tried to downplay severity of plaintiff's pain, the source of wich was noted in the yet undiscovered lab results.

20. While in the Special Housing Unit (SHU) in April of 2021, the plaintiff recieved a copy ~~of~~ of his medical records from defendants, in an unrelated civil action. This is when the plaintiff First became aware of the abnormal lab results From 5/13/2020.

21. Plaintiff showed nurse Bungard the abnormal lab results From USP Lee and Bungard documented this in plaintiff's medical records dated 5/4/2021 (See Ex, 2, pg 13). Bungard noted plaintiff had level 8 pain but ~~failed~~ to presribe pain meds. This Constituted negligence

22. On 3/3/2021, Plaintiff met with Kinnick (prior to abnormal labs discovered). Kinnick noted plaintiff's extreme pain and again refused to give the plaintiff pain Medication. Kinnick again overlooked the abnormal lab

10

results from 5/13/2020.

23. On 5/24/2021 Plaintiff complained to Nurse Wierma about extreme ~~pain~~ pain. Wierma Failed to order pain meds for plaintiff. This was negligence.

24. On 6/3/2021, plaintiff met with Kinnick again. At this visit Kinnick had been made aware of abnormal labs (through no effort of his own). Plaintiff told Kinnick that his pain was so bad that it was difficult for him to roll over at night. (See Ex. 2, pg 19-21) Kinnick again refused to prescribe pain Medication.

25. On 6/3/2021 plaintiff told Kinnick that avoiding gluten reduced his pain, improved color of previously pale stools, and made plaintiff feel better; also that he was hungry all the time because he couldn't eat all the food on the prison trays. Plaintiff asked Kinnick to prescribe him a gluten-free medical diet, Kinnick refused. This

11

Constituted deliberate indifference and Medical negligence because "gluten-Sensitivity" is diagnosed by a patients response to a gluten-free diet. The "Standard Of Care" requires the Medical provider to test patients response to a Gluten-Free diet. If Kinnick and Hyder knew this they would've prescribed a gluten-free (GF) diet at that time. Both defendants were negligent.

26. On 6/3/2021 Kinnick also refused to refer the plaintiff to a gastro-intestinal (GI) specialist.

27. On 6/23/2021 the plaintiff saw defendant Dr. Morgan via video Conference. Plaintiff told Dr. Morgan about severe pain, Constipation, and how avoiding gluten improved all related symptoms. Morgan refused to order pain meds for the plaintiff; he also refused to order a GF diet for plaintiff, Causing him to suffer 5 more months on the prison diet Containing gluten.

12

28. On 7/9/21 Morgan noted plaintiff's Chronically low white blood Cell Count but failed to run more tests to determine why.

29. On 10/29/21 the plaintiff visited Sick-Call Complaining of Severe abdominal/back pain. Nurse Horst refused to order pain meds for the plaintiff.

30. The plaintiff was finally Sent outside the Prison to a GI specialist who diagnosed the plaintiff with "gluten-Sensitivity" in a report dated 11/17/2021. (See Ex. 2, pg 35-36). The GI Specialist ordered a GF diet for the plaintiff as plaintiff explained that prison Medical staff refused to do it. (See Ex. 2, pg. 42)

31. The plaintiff explained to Medical staff, in multiple emails, the difference between Celiac disease and "non-Celiac gluten Sensitivity" (See Ex.1, pg.) Particularly, this was explained to defendant taylor. Taylor refused to instruct medical staff to order pain

Medication for plaintiff, a GF diet, and told plaintiff he'd have to ~~wait~~ wait at least 6 months to see a GI Specialist. (See Ex. 1, pg. 7-8)

32. Exhibit 1, plaintiff's emails, paint a clear picture of this ordeal and how all defendants showed deliberate indifference to plaintiff's serious medical needs, delayed medical treatment excessively so, and committed the torts of negligence and Malpractice in many ways. This entire ordeal caused/plaintiff ~~severe~~ emotional distress.

## Claims For Relief

33. The nurses failure to note plaintiff's complaints of abdominal pain at the intake screening on 8/18/2020 Constituted the Tort of Medical negligence.

34. At the plaintiff's medical encounters with Kinnick on 10/6/2020 and 3/3/21, Kinnick's failure to review plaintiff's Medical records and locate the abnormal lab results from 5/13/2020 Constituted the Torts of Medical negligence on the part of Kinnick and

14

Defendant Hyder for approving the report.

35. Defendant Kinnick's refusal to order pain medication for the plaintiff Constituted deliberate indifference to the serious medical needs of the plaintiff in violation of the 8th Amendment to the United States Constitution. This also Constituted the torts of Medical negligence and malpractice.

By approving Kinnick's refusal of pain Meds, Hyder also showed deliberate indifference to the serious Medical needs of the plaintiff, and this also Constitutited the tort of Medical Malpractice.

36. Kinnick's refusal, and Hyder's approval of the refusal to pursue a course of treatment besides OTC Medication after plaintiff told Kinnick that OTC Medication was no longer effective Constituted deliberate indifference on the part of both defendants, and also Constituted the torts of Medical negligence and Malpractice.

37. Kinnick's refusal, and Hyder's approval of the refusal to refer plaintiff to a GI specialist

15

Constituted Constitutional deliberate indifference and the Torts of Medical negligence and Malpractice.

37. Kinnick's order of a UA (urine test), and Hyder's approval of the order for a UA when the plaintiff was complaining of bowel problems and pain, and their failure to order a "bowel disorder cascade" (which detected the problem on 5/13/2020) Constituted the torts of Medical negligence and Malpractice.

38. Defendant Miller's refusal to order pain Medication for the plaintiff Constituted deliberate indifference and the torts of Medical negligence and Malpractice. Hyder's Cosigning approval Constituted the Same violations (and possibly Kinnick's review of this record dated 11/17/2020)

39. Miller's refusal to reccomend an alternatéve to OTC Medication after plaintiff told her that OTC's were not effective. (and Hyder and Kinnick's approval of this) Constituted deliberate

16

indifference to the serious Medical needs of the plaintiff, and also the torts of Medical negligence and malpractice.

40. Nurses Starr, Wierema, Horst, and Bungard all committed the tort of Medical negligence by refusing to provide pain Medication to plaintiff after being told that plaintiff was suffering extreme pain.

41. After Kinnick~~s~~ became aware of plaintiff's abnormal lab results, some time before the encounter on 6/3/2021, Kinnick's refusal to order a gluten-free diet for the plaintiff constituted deliberate indifference and the torts of Medical negligence and Malpractice. Hyder's approval of Kinnick's report also constituted deliberate indifference and Medical Malpractice.

42. Hyder's cosigning of all reports denying the plaintiff pain Medication and a GF diet ~~cost~~ constituted deliberate indifference and Medical Malpractice.

17

43. Kinnick and Hyder's refusal to refer plaintiff to a G.I. specialist on 6/3/2021 Constituted deliberate indifference, and Medical negligence and Malpractice.

44. Dr. Morgan's refusal to order a GF diet for the plaintiff, Causing him to suffer an additional 5 months without a GF diet, Constituted deliberate indifference, and Medical Malpractice, and unconstitutional delay in treatment.

45. Morgan's failure to investigate the source of plaintiff's Chronically low white blood cell Count Constituted deliberate indifference and Medical Malpractice.

46. All of the intentional denials of Medical Care, and slow processing of plaintiff's requests to Medical staff, Starting from plaintiff's first email Complaint to Medical dated 9/8/2020 untill he saw the GI Specialist on or about 11/16/2021, Constituted deliberate indifference on all named defendants and an "Unconstitutional

18

delay in treatment."

47. Defendant Taylor's refusal of plaintiff's requests to expedite getting him to a GI specialist; for pain meds; and a GF diet all constituted deliberate indifference and an unconstitutional delay in medical treatment.

48. Defendant Starr's refusal of pain meds to the plaintiff constituted deliberate indifference and medical negligence.

49. All references to "deliberate indifference" in this section refer to deliberate indifference to the serious medical needs of the plaintiff in violation of the 8th amendment to the U.S. ~~Constitution~~ Constitution.

## Relief Requested

WHEREFORE, the plaintiff asks that the Court grant the following relief:

A. Issue a declatory judgement stating

19

that the actions of the defendants described in this complaint all (or in part) constitute: 1.) deliberate indifference to the serious Medical needs of the plaintiff in violation of the 8th Amendment to the U.S. Constitution; 2.) the torts of Medical negligence and Malpractice; 3.) an Unconstitutional delay in Medical treatment.

B. Award Compensatory damages, Punitive damages, and (if applicable) nominal damages jointly and Severally against all defendants.

I declare Under penalty of perjury that the foregoing is true and correct to the best of My understanding.

Respectfully Submitted,

4/7/2022

Gary Hancock #56765-037
USP Thomson
P.O. Box 1002
Thomson, IL 61285